**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CIVIL ACTION |
| v. : | |
| : | No. 10-cv-226 |
| ANTHONY WATSON, : | |
| : | |
| Defendant. : | CRIMINAL ACTION |
| : | |
| : | No. 00-cr-313-05 |
| : | |

**MEMORANDUM AND ORDER**

**Joyner, J.**                                             **August 12, 2010**

This case is now before the Court on Defendant/Petitioner's Habeas Corpus Motion Under 28 U.S.C. § 2255 (Doc. No. 701). For the reasons set forth below, Petitioner's Motion will be DENIED.

**Background**

In February 2001, a jury returned a guilty verdict against Petitioner Anthony Watson on charges of conspiracy to distribute cocaine base ("crack") in violation of 21 U.S.C. § 846, distribution of crack and possession with intent to distribute crack in violation of 21 U.S.C. § 841(a)(1), and distribution of crack and possession with intent to distribute crack within 1,000 feet of a school in violation of 21 U.S.C. § 860. This Court concluded that Petitioner's base offense level was thirty-eight, due to the nature of his crimes. We then increased this by two levels because one of Petitioner's co-conspirators was in

1

possession of a firearm.  We further increased the offense level by another three because of Petitioner's supervisory role in the conspiracy and by an additional two because the offenses occurred within 1,000 feet of a school.  On June 21, 2001, this Court sentenced Petitioner to life imprisonment, a $200 special assessment, a $2,000 fine, and 10 years of supervised release.

Petitioner then appealed his conviction and sentence to the Third Circuit Court of Appeals on June 22, 2001.  In his appeal, Petitioner challenged this Court's calculation of the sentencing guidelines, the admission of certain evidence at trial, and the denial of Petitioner's suppression motion.  The Third Circuit found Petitioner's arguments to be meritless and affirmed his conviction and sentence.

Petitioner then petitioned the Supreme Court for a writ of certiorari.  On January 24, 2005, the Supreme Court vacated the judgment and remanded the case to the Third Circuit in light of the Court's decision in United States v. Booker, 543 U.S. 220 (2005), which held that sentencing guidelines are only advisory rather than mandatory.  Booker, 543 U.S. at 265.  Further, the holding was to be retroactive to all cases on appeal.  Id. at 268.  The Third Circuit then vacated Petitioner's sentence and remanded the case to this Court for re-sentencing in light of Booker.  At the re-sentencing, we made identical findings to those at the original sentencing, with the exception of enhancing

Petitioner's offenses by two levels rather than three for his supervisory role in the conspiracy in order to recognize Petitioner's lesser role in the conspiracy compared with several of his co-conspirators.  However, even with this adjustment, under the sentencing guidelines the maximum sentence was still life imprisonment.  However, with the guidelines now only advisory in accordance with Booker, we imposed a sentence of 360 months, eight years of supervised release, and a $2,000 fine.

Following his re-sentencing, Petitioner appealed again to the Third Circuit, arguing that this Court's sentencing violated the ex post facto principle of the due process clause.  The Third Circuit again affirmed the ruling of this Court, holding that there was no violation of the ex post facto principle because Petitioner had fair warning of the statutory maximums and there was no enhancement of his punishment.

Petitioner then filed this petition for habeas corpus relief with this Court on January 20, 2010.  Petitioner asserts a Sixth Amendment ineffective assistance of counsel claim at trial and on appeal. Specifically, Petitioner asserts that his appellate counsel failed to argue that an ex post facto violation occurred at Petitioner's re-sentencing, his trial counsel failed to seek a multiple conspiracy instruction to the jury, his trial counsel failed to investigate the evidence pertaining to the phone register and pin register that linked Petitioner to the

conspiracy, and his trial counsel failed to challenge the sentencing disparity between crack and powder cocaine.

The charges against Petitioner stemmed from a large crack cocaine distribution conspiracy in the late 1990s, of which Petitioner was a part. While not the leader of the conspiracy, Petitioner was found to have held a supervisory role and managed the sale of drugs on two street corners that were under the control of the conspiracy. Included in the evidence that the government introduced to link Petitioner to the conspiracy was the testimony of Agent Tropea, who testified to the communications between various members of the conspiracy including Petitioner. The jury ultimately found that Petitioner was a member of the conspiracy.

## **Standard**

28 U.S.C. § 2255 provides an avenue for individuals under federal custody to challenge their sentences. To succeed in such a challenge, the petitioner must demonstrate that the "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Petitioner's constitutional claim stems from an alleged Sixth Amendment violation. The U.S. Supreme Court has long recognized that the right to counsel under

the Sixth Amendment and the Due Process Clauses is crucial to protecting the fundamental constitutional guarantee of a fair trial. See Strickland v. Washington, 466 U.S. 668, 684-85 (1984). In order to establish that counsel's assistance was indeed ineffective, a petitioner must meet both elements of the two-pronged test established in Strickland. First, a petitioner must establish that counsel not only erred, but that counsel's errors were considerable enough to undermine the proceedings to such an extent that the outcome cannot be relied upon as fair and just. Id. at 687. Second, it must also be established that counsel's actions prejudiced the defendant and deprived defendant of a fair and reliable trial. Id. at 687. Furthermore, "not every 'error by counsel, even if professionally unreasonable, ... warrant[s] setting aside the judgment of a criminal proceeding." Rainey v. Varner, 603 F.3d 189, 197 (3d Cir. 2010) (citing, Strickland v. Washington, 466 U.S. 668 (1984)). Petitioner must demonstrate that counsel's error was prejudicial and that there is a reasonable probability that were it not for the error the outcome of the proceeding would have been different. Id. at 197-98.

## Discussion

Petitioner asserts that his Sixth Amendment rights were violated through several instances of deficient performance by

his counsel. We will discuss each of Petitioner's claims in turn.

Ex post facto

Petitioner alleges that an ex post facto violation occurred upon re-sentencing after Booker. A violation of the ex post facto clause occurs when a law, which is enacted after the commission of the crime, "inflicts a greater punishment, than the law annexed to the crime when committed." United States v. Pennavaria, 445 F.3d 720, 723 (3d Cir. 2006) (citing Calder v. Bull, 3 U.S. 386 (1798)). Further, despite the fact that the language of the ex post facto clause appears to limit itself to acts of the legislature, the "Supreme Court has made clear that 'limitations on ex post facto judicial decision-making are inherent in the notion of due process.'" United States v. Pennavaria, 445 F.3d 720, 723 (3d Cir. 2006) (citing Rogers v. Tennessee, 532 U.S. 452 (2001)).

Specifically, Petitioner argues that this Court was permitted to impose an increased penalty on him at his re-sentencing because the holding in Booker altered the sentencing guidelines from mandatory to advisory. Petitioner asserts that counsel failed to properly argue that an ex post facto violation occurred at his re-sentencing and that this error amounted to ineffective assistance of counsel.

First, Petitioner's claim is without merit because the original mandatory sentencing for his crimes was life imprisonment.  However, upon re-sentencing, he received a shorter sentence, so there was no prejudice.  Second, prior to this § 2255 claim, as is acknowledged by Petitioner, counsel raised this issue on direct appeal and the Third Circuit addressed and rejected Petitioner's ex post facto claim.  It held that because Petitioner had fair warning of the statutory maximums attributable to his crimes, and that because his punishment at re-sentencing did not exceed the statutory maximums that were in place at the time he was convicted of the crime, his sentence would not violate the ex post facto principle of the due process clause.  <u>United. States. v. Watson</u>, 293 F. App'x 887, 889 (3d Cir. 2006).  Because Petitioner's counsel raised the ex post facto issue and because the Third Circuit previously rejected this argument this cannot be grounds for ineffective assistance of counsel.

<u>Conspiracy</u>

Petitioner claims that his trial counsel's failure to seek a multiple conspiracy instruction, which would have informed the jury that there were three separate conspiracies and that Petitioner can only be held liable for one of them, amounted to ineffective assistance of counsel.  Petitioner contends that

there were three distinct conspiracies and that he was only a member of one of them. Petitioner asserts that a majority of the eighty-eight kilograms of crack cocaine sold, as well as the weapons recovered, were elements of the two conspiracies in which he played no role. Therefore, Petitioner argues that his offense level should reflect only the one conspiracy. Although Petitioner's counsel did not make this argument at trial, he did argue that Petitioner was not part of any conspiracy and should, therefore, be found not guilty on that charge.

A court must exercise great caution in questioning the legal strategy of counsel. There is a strong presumption that counsel's strategy "falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Rather than arguing that Petitioner was involved in one, albeit smaller, conspiracy, Petitioner's counsel argued that his client was not involved in any conspiracy, an argument with the potential for better results. Had the jury believed the argument made by Petitioner's counsel he would have been found not guilty of any conspiracy. Under the circumstances, we find that counsel's strategy of arguing his client's innocence with respect to the conspiracy was a reasonable legal defense.

A §2255 motion is a safety net that ensures, among other things, that all defendants are provided with their Sixth Amendment right to counsel. It does not, however, provide

8

petitioners with an opportunity to second-guess counsel's sound trial strategy in an attempt to secure a second bite at the apple. Petitioner's counsel made a strategic decision to dispute the conspiracy charge rather than to argue that Petitioner was part of a smaller conspiracy. Petitioner's counsel did not fail to make an essential argument, rather, he chose to use a different strategy. Therefore, Petitioner's argument that his attorney was ineffective as a result of this decision fails.

Failure to Investigate Electronic Evidence

Petitioner asserts that his counsel erred by failing to sufficiently investigate the electronic evidence linking him to the conspiracy and that his counsel was ill prepared to recognize the alleged perjury of Agent Tropea pertaining to how he obtained the electronic evidence. The government called Agent Tropea to testify about the electronic communications between various members of the conspiracy. Agent Tropea presented testimony linking the members of the conspiracy to various cell phones and pagers through the use of pen registers, toll records, and home addresses. Petitioner asserts that the government's ability to connect Petitioner with his co-conspirators was heavily based on the testimony of Agent Tropea. Petitioner argues that the ineffective assistance of his counsel stems from his counsel's failure to challenge the allegedly perjured testimony of Agent

9

Tropea and that without that testimony, the government would have been unable to tie Petitioner to his co-conspirators.

First, Petitioner has failed to demonstrate that the conduct of his counsel was unreasonable. As discussed more fully below, we cannot conclude that Agent Tropea committed perjury. It is not unreasonable for counsel to fail to object to a minor variance in a witnesses' testimony. Further, it is not ineffective assistance of counsel to fail to make every possible objection at trial. Indeed, attorneys frequently make strategic decisions to refrain from making objections, and in these circumstances, we do not believe that the failure amounted to deficient performance by trial counsel.

Second, Petitioner has failed to show prejudice. This Court is not convinced that Agent Tropea's actions amount to perjury. Perjury is not born out of an honest mistake; rather perjury is purposefully given false testimony regarding a "material matter." U.S. v. Dunnigan, 507 U.S. 87, 94 (1993). Agent Tropea mistakenly stated that he verified the cell phone number by placing a call to Petitioner's phone while in possession of it, when in actuality he turned on Petitioner's phone in order to display the number. Under these circumstances, and considering that his mistake was relatively minor, it does not appear to this Court that Agent Tropea willfully gave false testimony; rather it appears like an honest mistake, which would have likely had only

a minor effect on the trial if addressed by counsel. Additionally, the material aspect of Agent Tropea's testimony is the identification of the phone as belonging to Petitioner, not the manner in which he obtained the information. Although the testimony given by Agent Tropea was incorrect, it does not amount to perjury on the part of Agent Tropea. Finally, Petitioner's claim that Agent Tropea had no knowledge as to who had actually placed the calls has no bearing on an ineffective assistance of counsel claim. The government never stated that was incontrovertibly the case and the jury concluded from the evidence presented that Petitioner did make the calls. For the reasons stated above, Petitioner has no viable Sixth Amendment claim pertaining to his counsel's alleged failure to investigate the electronic evidence.

Crack v. Cocaine

Finally, Petitioner contends that he received an enhanced sentence because he was involved in the distribution of crack rather than powder cocaine and that the discrepancy in the sentencing guidelines is grounded in racial prejudice. This equal protection argument was not raised during the appeal process and is, therefore, forfeited by Petitioner. Petitioner, however, is attempting to resurrect this argument through the prism of an ineffective assistance of counsel habeas claim by

asserting that his counsel's failure to make an equal protection argument regarding these guidelines amounted to ineffective assistance of counsel. However, this is a losing argument.

First, the amount of crack cocaine attributable to Petitioner in this case is so exorbitant that any discrepancy in the sentencing guideline between crack cocaine and powder cocaine is rendered moot. The conspiracy of which Petitioner was found to be a member was responsible for the sale of eighty-eight kilograms of crack. The sentencing guidelines would have recommended an identical sentence had the conspiracy sold eighty-eight kilograms of powder cocaine rather than crack cocaine. Hence, the failure of Petitioner's counsel to raise the argument does not even approach the high threshold established by Strickland for demonstrating deficient performance.

Second, because the sentencing guidelines would have remained the same had Petitioner been responsible for eighty-eight kilograms of powder cocaine, there is no probability, much less a reasonable probability, that had the disparity defense been broached during the appeals process the outcome of this case would have differed. Further, this Court reduced petitioner's sentence from life imprisonment to 360 months on re-sentencing. It is highly unlikely that even had appellate counsel broached this defense, that this Court would have further reduced petitioner's sentence given the severity of his crimes and the

far-reaching and devastating implications that illegal drug use has on the community. Petitioner has been unable to establish either that he received constitutionally deficient representation regarding an equal protection challenge to the sentencing guidelines or that had the argument been made in his defense that this Court would have sentenced him less harshly. Petitioner's argument, therefore, fails.

## **Certificate of Appealability**

Finally, the Court must determine whether a certificate of appealability should issue. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, we conclude that reasonable jurists could not find the resolution of Petitioners's Strickland claim debatable or wrong. Accordingly, the Court will not grant Petitioner a certificate of appealability with respect to his ineffective assistance of counsel claims.

## **Conclusion**

As discussed above, Petitioner has no viable claim for ineffective assistance of counsel on any of the grounds raised.

First, Petitioner's ex post facto claim was raised on appeal and rejected by the Third Circuit.  Second, Petitioner's counsel presented a reasonable defense on the conspiracy charge and it is not the role of this Court to second guess counsel's reasonable trial strategy.  Third, Petitioner was not prejudiced by his counsel's failure to recognize the minor mistake made during Agent Tropea's testimony.  Finally, Petitioner had no viable equal protection claim pertaining to the sentencing discrepancy between crack cocaine and powder cocaine and, therefore, counsel's failure to raise the argument cannot be considered deficient representation.  Therefore, Petitioner's request for habeas relief is denied.