# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **ANTHONY WATSON** | : | **NO. 00-313-5** |

### MEMORANDUM

**Savage, J.**                                                                                                                          **June 11, 2025**

Anthony Watson moves for early termination of his eight-year term of supervised release. Noting his full compliance while on supervision for 89 months, he seeks early termination so that he may pursue work as a long-haul truck driver. The government opposes the motion. It argues that continuing supervision is necessary because of Watson's "significant role" in the "extensive drug conspiracy."[1] Probation also opposes the motion because of the serious nature of the underlying crimes.

On February 1, 2001, a jury convicted Watson of conspiracy to distribute cocaine base ("crack") in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); possession with intent to distribute cocaine base ("crack") in violation of 21 U.S.C. § 841(b)(1)(B); and possession with intent to distribute cocaine base ("crack") within 1,000 feet of a school, in violation of 21 U.S.C. §§ 860 and 841(b)(1)(B). He was sentenced to life imprisonment and a ten-year term of supervised release.

In 2006, on remand from the Third Circuit Court of Appeals, Watson was resentenced to 360 months of incarceration and eight years of supervised release. In 2011, his sentence was reduced to 292 months as a result of the retroactive amendments

---

[1] Gov't's Opp'n Def.'s Mot. Early Termination Supervised Release 6, Doc. No. 949.

to the crack cocaine provisions of the Sentencing Guidelines. In 2015 his sentence was again reduced to 235 months pursuant to Amendment 782 to the Sentencing Guidelines. He was released from prison and began serving his eight-year term of supervised release on October 10, 2017.

## *Discussion*

A court may, in its discretion, terminate a term of supervised release after one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Before doing so, the court must consider the sentencing factors set forth in § 3553(a). *Id.* Despite the statutory mandate that a court consider all § 3553(a) factors, the Third Circuit Court of Appeals has noted that the need for a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment is not relevant to the consideration of early termination of supervised release. *United States v. Murray*, 692 F.3d 273, 280 (3d Cir. 2012).

Supervised release is not intended to be a form of punishment. It is meant to assist the defendant integrating into the community. *United States v. Sheppard*, 17 F.4th 449, 454 (3d Cir. 2021) ("[T]he primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than to punish them." (quoting *Murray*, 692 F.3d at 280)). It is a form of rehabilitation. *Id.* (citing *United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Supervised release fulfills rehabilitative ends, distinct from those served by incarceration.")).

When a court imposes a term of supervised release, it can only predict how the defendant will respond to the rehabilitative process. It does not have the benefit of a track

record while under supervision. The defendant's conduct in prison and while on supervised release provides insight the sentencing court did not have when the sentence was imposed. A motion to terminate supervised release supplies a mechanism to reevaluate the efficacy of the rehabilitative process and the need for continuing supervision.

Watson was released from prison on October 10, 2017. Since then he has been in full compliance with the terms of his supervised release. He is classified as a low risk level offender, reporting monthly online. He has been steadily employed, and currently works for the City of Philadelphia's Sanitation Department as a security guard. He has satisfied all financial obligations. Finally, he has a stable residence with his girlfriend.

Watson's commitment to living a crime free life demonstrates that he is rehabilitated. He aspires to be a full-time, long-haul truck driver, which would increase his earning potential. Supervised release impedes his ability to pursue this employment opportunity because trucking companies will not hire him while he is on supervision.

We conclude that Watson's conduct while on supervision, consideration of the relevant § 3553(a) factors, and the interest of justice favor early termination. Therefore, we shall grant the motion.